CARROLL, Judge
(dissenting).
The evidence in this case presented a genuine issue to be tried by a jury on the material question of whether the relationship was one of employment or of independent contractor.
I can not agree with the majority that the facts were established in the sense that they were clear without the need to draw inferences or that all inferences to be reasonably drawn pointed one way. There were a number of factors justifying inferences pro and con, including such matters as that the defendant had arranged workmen’s compensation coverage for the truckers, and that a number of claims had been processed for the truckers thereunder; the fixing by defendant of prices the truckers could charge; the payment of charges direct to the defendant who deducted the amounts due him before the truckers were paid; and a measure of control over the truckers. On the other hand, there was the factor of the contract being worded so as to indicate a relationship of independent contractor rather than employment, and the ownership by the truckers of their own equipment. On these and other such factors it was necessary to draw and weigh the inferences pro and con. It follows that the determination was one which should have been made by a jury as trier of the facts, rather than by the court. See Magadan v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858; 30 Fla.Jur., Summary Judgments, § 9, at p. 347. In the Southern Fruit Distributors case, the Supreme Court, quoting Restatement, Agency,. § 220, said (1 So.2d at 860):
* * * The factors stated in Sub-section (2) are all considered in. determining the question, and it is for the triers of fact to determine whether or not there is a sufficient group of favorable factors to establish the relationship [of employment or of independent contractor]. Where the inference is clear that there is, or is not, a master and servant relationship, it is made by the court; otherwise the jury determines the question after instruction by the court as to the matters of fact to be considered.’ ”
I would reverse the judgment appealed from and remand the cause for trial.