PER CURIAM.
The plaintiff Ben Gregg, Jr., appeals from a summary judgment entered in favor of one of the defendants, Weller Grocery Co. Gregg was apprehended by the manager of the grocery company on suspicion of shoplifting, and was detained outside the store at a time when the defendant Mathis, the company’s security guard, was seated nearby in his car, eating. The manager summoned Mathis to hold Gregg. The security guard started over, but before he arrived Gregg broke away. Mathis fired certain warning shots at the fleeing Gregg, then shot him in the leg. We hold the trial judge was in error in granting summary judgment for the defendant grocery company. There was a genuine triable issue as to whether Mathis, the security guard, was an employee or was an independent contractor. In the interest of the proper disposition of the matter on remand, it would not be appropriate, at least on the basis of the record now presented, to so state the facts as to define or indicate the relationship which existed and which is to be determined by the trier of facts. There were facts and inferences reasonably to be drawn therefrom making the issue one to be decided by a jury on proper instructions, such as those relating to the degree and manner of control of the security guard by the defendant company, the guard’s equipment, whether he was in business generally or worked only for the defendant company, the period and duration of his employment, the rate and manner of his pay, provisions for vacation and for a substitute when he was absent, whether duties performed by the guard were a part of the trade or business of the company, etc. See Gulf Refining Co. v. Wilkinson, 94 Fla. 664, 114 So. 503; Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858; Miami Herald Publishing Co. v. Kendall, Fla.1956, 88 So.2d 276; Farmers & Merchant’s Bank v. Vocelle, Fla.App. 1958, 106 So.2d 92. In Magarian v. Southern Fruit Distributors, supra, the Supreme Court of Florida quoted Restatement, Agency, § 220, where after listing a number of factors bearing on the issue of whether one is an employee or an independent contractor, it was said (1 So.2d at 860):
“ ‘ * * * The factors stated in Subsection (2) are all considered in determining the question, and it is for the triers of fact to determine whether or not there is a sufficient group of favorable factors to establish the relationship. Where the inference is clear that there is, or is not, a master and servant relationship, it is made by the court; otherwise the jury determines the question after instruction by the court as to the matters of fact to be considered.’ ”
Here the facts and the allowable inferences are not so clear on the questions of status and control of the security guard that the matter could be determined by the court.
The summary judgment appealed from is reversed.