HAVERFIELD, Judge.
Defendants Southern Bell and Bumup & Sims, Inc. appeal a summary judgment as to the issue of liability entered in favor of plaintiff Lawrence Barnes in this personal injury action.
Lawrence Barnes filed a complaint and an amended complaint naming as defendants Southern Bell, Burnup & Sims, Fred Rust, Edward Toy and Florida Power & *102 Light Company[1] to recover damages for injuries sustained as a result of electric shock. Burnup had contracted with Southern Bell to lay telephone cables and wire on U.S. Highway No. 1 at Naranja Lakes. Barnes was an employee of Leonard Brothers Trucking, who had agreed with Burnup to fulfill certain of Burnup’s contractual obligations with Southern Bell. On the day in question (November 16, 1972), Barnes and defendants Toy and Rust were assigned the task of moving pre-casted cement manholes. Toy was the operator of the crane and Rust operated the flatbed truck on to which the crane loaded the manholes. Just as the loading had been completed and Rust began to drive away, the crane struck Florida Power & Light Company’s overhead high tension wires causing one of them to fall to the ground. Barnes, who was standing beside the crane’s cab, was electrified. His amended complaint charged Southern Bell and Burnup with failure (1) to warn him of the location of the high tension wires, (2) to notify Florida Power & Light that work operations were about to begin in order that the appropriate precautions might be taken, and (3) to furnish him with a reasonably safe place to work. Burnup answered that it was immune under the workmen’s compensation act and pled as affirmative defenses assumption of the risk and contributory negligence. Southern Bell in its answer alleged that Burnup was an independent contractor over whom it had no control and also raised the defenses of assumption of the risk and contributory negligence. Southern Bell and Burnup also filed cross-claims against Toy and Rust and a third-party complaint against Leonard Brothers. Following pretrial discovery, Barnes filed a motion for summary judgment and after hearing argument, the trial judge entered judgment as to liability against Southern Bell and Burnup.
Southern Bell and Burnup contend there remain genuine issues as to material facts precluding the entry of summary judgment. We find this point well taken.
Reviewing the facts in a light most favorable to Southern Bell and Burnup, we find the existence of factual issues with respect to the following:
First, whether or not Toy’s status was that of an independent contractor or a borrowed servant. Toy’s deposition testimony reflects that he was in complete charge of the operation of the crane; he had the authority to stop work, and the right to refuse to continue in the event he felt the operation was hazardous. The affidavit of John Benson supports Toy’s testimony that the crane is under his exclusive control. Thus, it is for the jury to determine whether Toy was in fact an independent contractor or a borrowed servant. See, e. g. King v. Young, 107 So.2d 751 (Fla.2d DCA 1958); Gregg v. Weller Grocery Co., 151 So.2d 450 (Fla.3d DCA 1963).
Second, it is disputed whether plaintiff Barnes himself was contributorily negligent. In his deposition Barnes testified that he had worked as an apprentice lineman and was somewhat knowledgeable about the potential dangers of high tension power lines. Being an oiler, he knew that a crane was not supposed to be operated within six feet of a high tension power line and that he was not supposed to touch the crane when it was in close proximity to such a line. Hence, the question of whether Barnes was contributorily negligent or assumed the risk is for the jury to decide. See Embry Riddle Co. v. Carrodus, 207 So.2d 472 (Fla.3d DCA 1968); Weedman v. Sunland Roller Rink, Inc., 323 So.2d 688 (Fla.3d DCA 1975).
Third, there is an issue as to whether Burnup is immune from liability pursuant to Sections 440.10, 440.11, Florida Statutes (1971) in that Burnup alleges it was a general contractor under and pursuant to a general contract with Southern Bell and that part of the work was subcontracted to Leonard Brothers and, therefore, it was immune under the above workmen’s compensation statutes. The contractual relationship between Southern Bell and Burnup not *103 having been fully explored and their contract being absent from the record, summary judgment on this issue is precluded. See Little v. Jim Santi, Inc., 334 So.2d 150 (Fla.3d DCA 1976).
Summary judgment is reversed.

. In whose favor a separate summary judgment was granted.