BERANEK, Judge.
Cosmo Personnel Agency appeals from an order entered by the Director of the Division of Employment Security finding that Cosmo’s employment counselors are employees under Chapter 443, Florida Statutes (1979), the Unemployment Compensation Act, and that Cosmo is liable under that Act. We reverse.
Cosmo is a licensed employment agency which was previously governed and regulated by Chapter 449, Florida Statutes (1979)[1]. Since January 1, 1974, Cosmo has contracted with persons licensed as employment clerks under Chapter 449, for their services as employment counselors. The contract requires two weeks’ training without pay. Following this, each counselor is assigned a geographical area of primary responsibility. Cosmo provides secretarial help, office space, and phone service; however, the counselors pay for this. The counselors may also hire and fire their own employees. They are paid a monthly stipend which represents the amount of their commissions less operating expenses and a percentage paid to the Cosmo agency. No taxes or other deductions are withheld.
The president of Cosmo provides supervisory assistance to the counselors upon request. Counselors set their own work hours and submit weekly reports to Cosmo. Cos-mo sets all rates according to state regulation and handles billing. Cosmo’s trade name is used in conducting business. A non-competitive agreement is signed by each counselor prohibiting similar employment within 50 miles for two years after termination. Either party may cancel the contract without cause.
The Special Deputy, in his findings of law, and the Director, in her order, relied primarily on Chapter 449 in determining that the counselors are employees. They concluded that because Section 449.01(9) defines such individuals as employees, they must also be employees for purposes of unemployment compensation under Chapter 443.
Use of the definition found in Chapter 449 to establish the individuals in question as employees under Chapter 443 was improper. Under the view adopted by the Director herein, Chapter 449 would automatically preclude every employment agency from contracting with an independent contractor, and we are convinced that Chapter 449 was not so intended. Thus, the Director’s finding that the employment counselors performing services for Cosmo are employees as a matter of law is erroneous. Moreover, the determination that the counselors are employees is not supported by the facts in the record. All the evidence at the hearing held before the Special Deputy demonstrated that Cosmo exerted no control over the details of the counselors’ work, but rather, was concerned only with the end result, i.e., profits earned. As such, the counselors are properly categorized as independent contractors rather than as employees. See Florida Gulf Coast Symphony, Inc. v. Department of Labor and Employment Security, 386 So.2d 259 (Fla.2d DCA 1980); Jean M. Light Interviewing Services, Inc. v. State, 254 So.2d 411 (Fla.3d DCA 1971).
*251 Accordingly, the order appealed from is reversed.
REVERSED.
DOWNEY and MOORE, JJ., concur.

. Chapter 449, governing employment agencies, was repealed in its entirety by Chapter 76-168, Laws of Florida, effective July 1, 1980.