PER CURIAM.
Herbert Hayes Yacht and Ship Sales, Inc., appeals a final order of the Unemployment Appeals Commission of the Department of Labor and Employment Security which affirmed an appeals referee’s decision determining that Joel A. Lovell was entitled to unemployment compensation benefits. Mr. Lovell worked as a yacht salesman for the Hayes Yacht and Ship Sales Company. The issue below was whether Mr. Lovell was in fact an employee or an independent contractor as asserted by appellant. We conclude that the Commission erred in its determination that Mr. Lovell was an employee and reverse.
The criteria for determining independent contractor vs. employee status has been often set out by the courts. See Justice v. Belford Trucking Co., 272 So.d 131 (Fla. 1972); Cantor v. Cochran, 184 So.2d 173 (Fla.1966); and Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858 (1941). As this court stated in Collins v. Federated Mutual Implement and Hardware Insurance Co., 247 So.2d 461, 463 (Fla. 4th DCA), cert. denied, 249 So.2d 689 (Fla.1971):
Generally the test of what constitutes independent service lies in the control exercised, the decisive question being who has the right to direct what shall be done, and when and how it shall be done. The right of control as to the mode of doing the work contracted for is the principal consideration in determining whether one is employed as an independent contractor or as a servant. The relationship of employer and employee requires control and direction by the employer over the actual conduct of the employee.
Instead of employing the criteria for employee status as stated in the aforementioned authorities, the commission made the following findings in this regard:
Employer [Herbert Hayes Yacht & Ship Sales, Inc.] contends that the claimant was an independent contractor and, therefore, not covered under unemployment compensation. The claimant disagrees with this and indicates that he was in fact an employee. There has been no evidence of probative value presented in this case to show that the claimant was in fact an independent contractor and the employer’s testimony clearly shows that he was expected to be under their direction for the purpose of sales, and he could not go out on his own and perform sales for other brokers. This alone would qualify the claimant as an employee and under the direction of the employer. (Emphasis supplied.)
Even if there were evidence that Mr. Lovell could not sell yachts for companies other than the Hayes Company, this would not mean he must be found to be an employee as a matter of law. Mr. Lovell was an experienced yacht salesman who testified that he had his own customers. His only compensation was commissions he was paid on the yachts he sold. He controlled his own manner of working and his hours were not determined by the Hayes Yacht Company. Mr. Lovell worked his own hours and conducted his own dealings both in and out of the office. The Hayes Yacht Company provided him with a desk and a telephone, but absent evidence of a right to control, the finding of an employee status was not warranted. See Jean M. Light Interviewing Services, Inc. v. State, 254 So.2d 411 (Fla. 3d DCA 1971), and Farmers & Merchants Bank v. Vocelle, 106 So.2d 92 (Fla. 1st DCA 1958).
The commission placed unwarranted importance on the single fact that Mr. Lovell was not permitted to sell for other companies while engaged by appellant. This fact *1261 alone did not require a ruling of employee status.
We conclude that the record is lacking in competent and substantial evidence to support the decision of the commission and same is hereby reversed.
REVERSED.
MOORE, BERANEK, and HERSEY, JJ., concur.