410 So.2d 1002 (1982)
UNITED STATES TELEPHONE COMPANY, Appellant,
v.
STATE of Florida, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Division of Employment Security, Appellee.
No. 81-726.
District Court of Appeal of Florida, Third District.
March 16, 1982.
Ciravolo & Feldman and Bennett G. Feldman, Miami, for appellant.
Ollie Evans, Miami, for appellee.
Before HUBBART, C.J., and BARKDULL and BASKIN, JJ.
BASKIN, Judge.
In this appeal, United States Telephone Company challenges an assessment levied by the Department of Labor and Employment Security. The Department defined the company's sales personnel as employees rather than as independent contractors under section 443.03(5), Florida Statutes (1979), transferred to section 443.036(17), Florida Statutes (1981). We reverse.
United States Telephone Company sells and installs private office telephones. It utilizes sales personnel who work on commission to obtain customers. Following a hearing, the Special Deputy entered findings of fact:
To achieve its business goals, the Petitioner contracts with certain individuals hereinafter referred to as `salesmen,' to solicit and sell to customers these telephone systems. The Petitioner contracts *1003 with each `salesman' individually, and said contracts are verbal in nature. The verbal contracts were of an ongoing, continuing nature and not for a stated period of time. Upon contracting with the `salesmen,' the Petitioner provides sales training and familiarization with its products, depending upon the `salesman's prior experience. The Petitioner provides to the `salesmen,' at no charge, office space and telephone service. The Petitioner also supplies secretarial and clerical assistance to the `salesmen' at no charge. These `salesmen' are not given customer leads. Upon completion of a customer survey sheet by the `salesmen,' it is typed by the Petitioner's secretarial/clerical staff and submitted to the Petitioner for approval. The Petitioner processes the survey and said pricing includes the `salesmen's' commission. Once the sales contract is given to the Petitioner and approved by the Petitioner, the Petitioner handles and further deals with the customer. The Petitioner is responsible for billing the customer, installing the systems, and handling any customer problems or complaints.
The `salesmen' are paid a draw against commission. Each `salesman's' commission rate is individually contracted with the Petitioner, said rate varying from `salesman' to `salesman.' The `salesman' receives a draw on a weekly basis and the amount of each `salesman's' draw is mutually agreed upon by the `salesman' and the Petitioner. No social security, withholding, or other taxes are withheld from the `salesman's' check. The `salesmen' hold no occupational licenses in connection with their sales for the Petitioner.

The Petitioner has no supervisor or manager over the `salesmen' and the Petitioner exerts little if any direct supervision over the `salesmen.' The `salesmen' are responsible for their own transportation and related expenses. The `salesmen' have no set hours of work and no sales quotas are dictated by the Petitioner. The `salesmen' do not have assigned territories, but can only sell in the Miami, Fort Lauderdale, Palm Beach Florida, area. (emphasis added).
Based upon the foregoing findings of fact, the Deputy applied the standards delineated in Cantor v. Cochran, 184 So.2d 173 (Fla. 1966), and ruled that the sales personnel were employees. While we agree that the Deputy applied the proper standards, we hold that his conclusion was not supported by the evidence.
The degree of control exercised by the company is a principal consideration in determining employment status. Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858 (1941); Collins v. Federated Mutual Implement & Hardware Insurance Co., 247 So.2d 461 (Fla. 4th DCA), cert. denied, 249 So.2d 689 (Fla. 1971); Farmers & Merchants Bank v. Vocelle, 106 So.2d 92 (Fla. 1st DCA 1958). In the case before us, as in Cosmo Personnel Agency of Fort Lauderdale, Inc. v. Department of Labor & Employment Security, 407 So.2d 249 (Fla. 4th DCA 1981), the company was concerned with profits and exerted no effective control over the salesmen. The Deputy's findings of fact compel a determination that the salesmen were independent contractors.
For these reasons, the order appealed is reversed and the cause is remanded for further proceedings consistent with this opinion.