427 So.2d 305 (1983)
A NU TRANSFER, INC., Appellant,
v.
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY DIVISION OF EMPLOYMENT SECURITY, Appellee.
No. 82-1329.
District Court of Appeal of Florida, Third District.
February 22, 1983.
Ciravolo & Feldman and Bennett G. Feldman, Miami, for appellant.
Ollie L. Evans, Miami, for appellee.
Before HENDRY, BARKDULL and BASKIN, JJ.
BARKDULL, Judge.
Appellant, an inland carrier for the shipment of freight, appeals from a final order of the Department fixing appellant's liability for unemployment compensation on the grounds that individuals performing services for the appellant in the capacity of "truck drivers" are in "employment" pursuant *306 to Section 443.036(17), Florida Statutes, (1981).
The appellant is an inland carrier for shipment of freight in Dade, Broward and Palm Beach counties. In the conduct of its business, appellant dispatches cargo to its own drivers known as "clockmen", in company owned vehicles and also to "owner-operators". Owner-operators provide their own vehicles and pay for their own maintenance, repairs, gasoline, oil, tires, licenses, equipment and gear. However, appellant does deduct $50.00 per week from their commissions for liability insurance.[1] Owner-operators are paid based on a percentage of the applicable rate per pull and for additional waiting time. The appellant deducts no social security or income tax from their paychecks. Each owner-operator is responsible for providing his own workmen's compensation coverage. Owner-operators do not accrue and are not paid for sick leave or vacation time.
Owner-operators are not required to work a specific number of hours. They can refuse to accept a particular pull within their own discretion without any penalty or fear of reprisal. Owner-operators may work for any competitor of appellant. Contracts between the owner-operator and appellant are terminable at will by either party.
Measuring the degree of control against that referred to in Justice v. Belford Trucking Co., 272 So.2d 131 (Fla. 1972); Cantor v. Cochran, 184 So.2d 173 (Fla. 1966); Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858 (1941); Herbert Hayes Yacht and Ship Sales, Inc., v. Lovell, 406 So.2d 1259 (Fla. 4th DCA 1981); Collins v. Federated Mutual Implement and Hardware Insurance Co., 247 So.2d 461 (Fla. 4th DCA 1971) which is necessary to support an employee-employer relationship as contrasted to an independent contractor, we find the owner-operators in the instant case not to be employees, but to be, in fact, independent contractors and therefore, the appellant is not liable for unemployment assessments as to these individuals.
The final order under review is reversed with directions to the Department to enter a conclusion of law based on the finding that the appellant is not an employer of the owner-operators who drive for it under the circumstances found by the Special Deputy.
Reversed and remanded with directions.
NOTES
[1] Said deduction is made pursuant to the terms of the contract executed by the parties to ensure each independent contractor is covered by liability insurance.