449 So.2d 1307 (1984)
VIP TOURS OF ORLANDO, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF LABOR & EMPLOYMENT SECURITY, DIVISION OF EMPLOYMENT SECURITY, Appellee.
No. 83-118.
District Court of Appeal of Florida, Fifth District.
May 17, 1984.
*1308 A. Clifton Black, Orlando, for appellant.
Alex D. Littlefield, Jr., Tallahassee, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
VIP Tours, Inc. appeals from an order of the Division of Employment Security finding that it was an employer of tour guides for purposes of unemployment compensation.
Cynthia Hoogland filed a claim for benefits with the Department of Labor and Employment Security. Hoogland performed tour guide services for VIP Tours between July, 1980, and March, 1981. The crucial question regarding Hoogland's claim is whether she was an "employee" of VIP Tours or an independent contractor.
The Department found that the tour guides were employees and hence entitled to unemployment compensation benefits because: (1) they worked under the name of the tour agency; (2) they used vehicles provided by the agency; and (3) they had to follow the agency's instructions.
VIP operated a tour business which arranged tours of attractions for visitors to Central Florida. The tours were conducted by guides such as Hoogland who worked on a per job basis. VIP used the guides only when it had a need for their services[1] and the guides were free to accept or reject a particular assignment. If they accepted work, the guides were instructed where to report and given instructions concerning the particular job.
VIP furnished all vehicles used by the guides and paid all expenses of the tour. The tour guides maintained a mileage log and a valid chauffeur's license. The guides were required to wear uniforms with the VIP logo and were supervised by VIP's general manager, to the extent that he informed them of their assignments and saw to it that they departed on time. The general manager could also discipline the guides, such as by removing them when complaints were received about their work.
The guides were not paid a set salary or fringe benefits, nor did VIP deduct withholding or social security taxes from their pay. The guides were paid on a per-tour basis, based on an hourly rate times the estimated time it took to complete a particular tour. This amount was paid regardless of the time it took to finish the particular tour and no overtime was paid.
The guides considered themselves to be independent contractors and were free to work for other tour services. Hoogland worked for VIP twenty-nine times in a nine-month period and during that period she also worked for four other companies. She reported her income to the Internal Revenue Service as "non-employee" income.
In Cantor v. Cochran, 184 So.2d 173 (Fla. 1966), the supreme court approved the test set out in Restatement (Second) of Agency, § 220 (1958) for determining whether one is an employee or independent contractor:
(2) In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered:
(a) the extent of control which, by the agreement, the master may exercise over the details of the work;
(b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
(d) the skill required in the particular occupation;
(e) whether the employer or the workman supplies the instrumentalities, *1309 tools, and the place of work for the person doing the work;
(f) the length of time for which the person is employed;
(g) the method of payment, whether by the time or by the job;
(h) whether or not the work is a part of the regular business of the employer;
(i) whether or not the parties believe they are creating the relationship of master and servant; and
(j) whether the principal is or is not in business.
It has been said repeatedly that of all the factors, the right of control as to the mode of doing the work is the principal consideration. Herbert Hayes Yacht & Ship Sales, Inc. v. Lovell, 406 So.2d 1259 (Fla. 4th DCA 1981); Collins v. Federated Mutual Implement & Hardware Ins. Co., 247 So.2d 461 (Fla. 4th DCA), cert. denied, 249 So.2d 689 (Fla. 1971). See also A Nu Transfer, Inc. v. Department of Labor and Employment Sec., 427 So.2d 305 (Fla. 3d DCA 1983).
For instance, in United States Telephone Company v. State, Department of Labor and Employment Security, 410 So.2d 1002 (Fla. 3d DCA 1982), the court found that telephone company sales personnel were independent contractors and not employees. In that case, United States Telephone Company sold and installed office telephones. It utilized sales personnel to work on a commission to obtain customers. The company contracted with each salesman individually and only engaged in a verbal contract. The company provided sales training and product familiarization, office space and telephone service. The salesmen were also supplied with secretarial and clerical assistance. The salesmen were paid a draw against commission and the commission rate was individually contracted with the company. No social security, withholding or other taxes were withheld. The company had no supervisor or manager over the salesman and exerted little, if any, direct supervision over the salesmen. The salesmen were responsible for their own transportation and related expenses, had no set hours to work and no sales quotas. The court concluded that United States Telephone Company was concerned with profits and exerted no effective control over its salesmen.
In Cosmo Personnel Agency of Fort Lauderdale, Inc. v. State of Florida, Dept. of Labor and Employment Security, 407 So.2d 249 (Fla. 4th DCA 1981), Cosmo was a licensed employment agency which contracted with persons licensed as employment clerks for their services as employment counselors. The employment contract required two weeks training without pay. Following this, each counselor was assigned a geographical area of primary responsibility and was provided with secretarial help, office space and phone service; the counselors, however, were required to pay for these benefits. The counselors set their own work hours and submitted weekly reports to Cosmo. Either party could cancel the contract without cause at any time. The court stated that Cosmo exerted no control over the details of the counselors' work, but rather, was concerned only with the end result, i.e., profits earned. As such, they would properly be categorized as independent contractors, rather than as employees.
In Florida Gulf Coast Symphony, Inc. v. Department of Labor and Employment Security, 386 So.2d 259 (Fla. 2d DCA 1980), the Department found that individual musicians and the symphony conductor were employees of the Florida Gulf Coast Symphony and the symphony was ordered to pay $28,500 to the Unemployment Compensation Fund. The Second District reversed, stating that although the Department employed the correct criteria, (Restatement (Second) of Agency, § 220) it misapplied the facts to that criteria. Specifically, the court was impressed by the fact that the musicians were engaged in a distinct occupation, were considered by the symphony to be independent contractors, spent more than two-thirds of their time in activities over which the symphony had no control whatsoever, were responsible for *1310 the manner in which musical effects were achieved, supplied their own instruments, received the bulk of their income from sources other than the symphony, were paid on a per-job basis, and were free to pursue other job opportunities in the music field at their discretion.
In the instant case, VIP had no right of control over the tour guides other than to require them to show up at a particular place at a particular time wearing the VIP uniform and to travel in VIP transportation. These latter two factors appear to have been designed to facilitate identification of the guide and control insurance liability in transporting tourists to and from attractions. VIP had little interest in the details of the guides' work as is illustrated by the fact that the guides controlled the number of hours spent at a particular attraction and the nature of the tour at each exhibit. See Hilldrup Transfer & Storage of New Smyrna Beach, Inc., v. State, Department of Labor, 447 So.2d 414 (Fla. 5th DCA 1984). In addition, the guides were free to contract with other tour companies, as Hoogland did, and could accept or reject any assignment, factors further indicating a lack of control by VIP over the guides. Hilldrup.
Other factors set out in the Restatement also point toward independent contractor status here. The tour guides were engaged in a distinct occupation. They worked and were paid on a per-job basis. Both VIP and Hoogland considered the guides to be independent contractors.
In summary, we find that Hoogland was an independent contractor and accordingly REVERSE the Division's order.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] This need was frequently based on the guide's fluency in a particular foreign language.