MILLS, Judge.
Adams appeals from a final order holding him liable for payment of unemployment taxes under Chapter 443, Florida Statutes (1983). We affirm.
Adams is the sole proprietor of a carpet and cleaning service. He uses individual workers to clean residential and commercial carpets and furniture and to promote his cleaning products while on the job. Upon hiring, the workers receive a three-day training program in the use of the equipment and products during which they are paid a salary and are considered employees. Upon completion of the training, each worker signs an agreement with Adams, the salient points of which are: 1) the worker is not to be considered an agent or employee of Adams, but an independent contractor; 2) Adams does not agree to use the worker exclusively; and 3) the worker may perform similar services for other cleaning businesses.
The workers also agree to provide their own transportation to job sites, and to rent all equipment and purchase all cleaning materials from Adams. Adams provides promotion and advertising (although the workers can do their own) and handles the booking of locations for the individuals to call on prospective customers. The workers are compensated at 45% of their gross sales, less 10% to Adams as payment for the lease of the equipment. They are required to report to Adams’ office each day to receive their job assignments, which are gathered through prospective customers’ contacts of the office. They must “check out” their cleaning equipment from Adams’ office each day and return it in the evening, despite the payment for its rental; it can only be used for Adams’ customers.
Workers receive no personal on-the-job supervision by the central office when actually selling and cleaning, although the purpose of the initial training is to ensure proper use of the equipment and cleaners while working. They are required to attend weekly sales meetings at the office; missing these meetings can and does result in suspension and, eventually, dismissal.
The Department initiated its investigation of Adams' business when one of these workers was discharged and applied for unemployment benefits; it was discovered that no wage credits were on file for the worker’s service with Adams. After an investigation into the status of the worker, and those similarly situated, the Department determined that the workers were employees, not independent contractors, making Adams responsible for payment of the unemployment benefits tax under Chapter 443, Florida Statutes. We affirm.
The facts of this case present a close question as to the status of Adams’ workers, but we find them sufficient to support the Department’s determination. We agree that the basic test for determining a worker's status is the employer’s right of control over the manner in which the work is performed. Farmer’s and Merchant’s Bank v. Vocelle, 106 So.2d 92 (Fla. 1st DCA 1958). As the court stated in that case:
[I]f the person serving is merely subject to the control of the person being served as to the results to be obtained, he is an independent contractor; if he is subject to the control of the person being served as to the means to be employed, he is not an independent contractor. It is the right of control, not actual control ... or interference with the work which is sig *1163 nificant in distinguishing between an independent contractor and a servant.
Id. at 95. The court expanded on this distinction in La Grande v. B & L Services, Inc., 432 So.2d 1364 (Pla. 1st DCA 1983), holding that it centered around
the degree of control which the putative employer exercises over the person, the decisive question being who has the right to direct what shall be done and how and when it shall be done; ... whether the person is subject to or whether he is free from the control with regard to the details of the engagement.
Id. at 1367-8.
We do not agree that the agreement signed by the parties at the end of the training period must control the determination in this ease. “[A] statement in an agreement that the existing relationship is that of independent contractor is not dis-positive of the issue.” Lee v. American Family Assurance Co., 431 So.2d 249, 250 (Fla. 1st DCA 1983.) “[Sjtatus depends not on the statements of the parties, but upon all the circumstances of their dealings with each other.” Cantor v. Cochran, 184 So.2d 173, 174 (Fla.1966). The circumstances herein reflect a degree of control by Adams sufficient to support the Department’s decision.
First of all, the workers receive a three-day training program in how to use Adams’ own equipment and cleaning products, to assure uniform results for all jobs. This equipment remains with Adams when not in use. It must, and indeed can, only be used for Adams’ customers. Similarly, the cleaning products are chosen by Adams and must be used on jobs done for his customers. Further, Adams decides which customers will be assigned to each worker and the workers receive these assignments from him every day; the customers contact Adams, not the individual workers. These factors indicate that Adams determines and controls: 1) the equipment and cleaners which will be used by the workers, 2) the method for using the equipment and cleaners, and 3) the customers for whom the workers will clean. Therefore, it cannot be said that these workers are “free from control with regard to the details of the engagement.” La Grande, supra.
We do not find that the Department was without authority to make its determination applicable, not only to the worker whose unemployment benefit application initiated the investigation, but to all of Adams’ similarly situated workers. No evidence was adduced showing any difference between the employment conditions of the applicant and the other workers. More importantly, § 443.171(1), Florida Statutes, provides that:
It shall be the duty of the division to administer this chapter; and it shall have power and authority to employ such persons, make such expenditures, require such reports, make such investigations, and take such other action as it deems necessary or suitable to that end. (emphasis supplied)
The determination of the Department is affirmed.
ERVIN, C.J., and ZEHMER, J., concur.