CAMPBELL, Judge.
This is an appeal from an order of the Department of Labor and Employment Security, Division of Unemployment Compensation (The Division), adopting the special deputy’s recommendation that appellant’s salespersons are “employees” under section 443.036(17), Florida Statutes (1984). We reverse.
The Division adopted the findings of fact of the special deputy which found that appellant is a home improvement contractor which secures home improvement contracts through the efforts of certain individuals hereinafter referred to as “salespersons.” Two methods are used by the salespersons to secure customers. First, the salespersons may follow up on leads provided by appellant’s telephone solicitors. Salespersons are not required to take such leads; however, if they do so, they are required to report the results to appellant. The second method consists of the salespersons’ independent efforts which include canvassing, advertising, distribution of flyers and telephone solicitation. All costs of this second method are borne by the salespersons themselves.
There is no direct supervision of these salespersons. The salespersons work no set number, nor any minimum number, of hours. They have no quotas to meet. They have no assigned territories. The salespersons are not subject to any clothing standards or dress codes. They are free to work at other occupations and are permitted to sell appellant’s customers other products and services provided they do not compete with appellant’s products and services. The salespersons are paid commissions only. They receive no draws against commissions. They have no other duties, other than to sell for appellant. The salespersons do not oversee the improvement contracts secured by them for appellant. They do not engage in collection activities for appellant. The salespersons are not required to attend sales meetings conducted by appellant.
*1350 The special deputy found that appellant’s salespersons are “in employment” for the purposes of section 443.036(17), Florida Statutes. He supported his conclusion by finding that (a) salespersons were required to report to appellant daily and notify appellant of intended absence; (b) salespersons were required to report to appellant on the results of leads furnished by appellant’s telephone solicitors; (c) salespersons were required to sell appellant’s products and services for a minimum set price, though they could sell for more; and (d) all contracts secured by salesmen were required to be approved by appellant. It should be noted that the last finding of fact is not supported by the record.
The principal consideration in determining whether one is working as an independent contractor or as an employee is the right of control over his mode of doing the work. If a person is subject to the control or direction of another as to his results only, he is an independent contractor. Collins v. Federated Mutual Implement & Hardware Insurance Co., 247 So.2d 461 (Fla. 4th DCA), cert. denied, 249 So.2d 689 (Fla.1971), as cited in Sarasota County Chamber of Commerce v. State, Department of Labor and Employment Security, 463 So.2d 461 at 462 (Fla. 2d DCA 1985). Here, the salespersons secure customers by whatever method they so choose. They set their own schedules. They are free to dress as they please. Their compensation comes entirely from commissions. They are even free to work at other occupations and sell other products and services to appellant’s customers, as long as they do not compete with appellant’s products and services. It is clear that the performance of the salespersons is measured only by the results they accomplish.
Our holding is consistent with other Florida unemployment compensation cases involving this statutory employment issue. D. O. Creasman Electronics, Inc. v. State, Department of Labor and Employment Security, 458 So.2d 894 (Fla. 2d DCA 1984) (cable splicers who established their own schedules, controlled the means by which they performed their services, and were highly skilled specialists who routinely worked without supervision held to be independent contractors); United States Telephone Co. v. State, Department of Labor and Security, 410 So.2d 1002 (Fla. 3d DCA 1982) (commission salesmen who worked without supervision held to be independent contractor even though telephone company furnished office space and clerical assistance without charge); Cosmo Personnel Agency of Fort Lauderdale, Inc. v. State, Department of Labor and Employment Security, 407 So.2d 249 (Fla. 4th DCA 1981) (employment counselors deemed not to be employees of employment agency despite the furnishing of secretarial help, office space and phone service, the use of the employment agency’s trade name and the fact that either party could cancel the contract without cause). Significantly, in each of the cases cited above, the court reversed the finding of an employer-employee relationship.
We find that the established facts require us, as a matter of law, to conclude that the salespersons are not Unique Construction’s employees for purposes of the Unemployment Compensation Law and, therefore, reverse the order and remand to the Division.
DANAHY, A.C.J., and FRANK, J., concur.