PER CURIAM.
We reverse the decision of the Special Deputy and order of the Department of Labor and Employment Security which found the claimant involved herein was an “employee” within the meaning of section 443.036(17), Fla.Stat. (1983). All the evidence at the hearing held before the Special Deputy demonstrated that F & G Distributors, Inc., exerted no effective control over the claimant-salesman and was concerned only with profits earned. The evidence presented compels a determination that the claimant was an independent contractor rather than an employee.[1] United States Telephone Co. v. State, Department of Labor & Employment Security, 410 So.2d 1002 (Fla. 3d DCA 1982); Cosmo Personnel Agency, Inc. v. State, Department of Labor & Employment Security, 407 So.2d 249 (Fla. 4th DCA 1981). See Cantor v. Cochran, 184 So.2d 173 (Fla.1966). Accordingly, the order' ünder review is reversed.

. One piece of evidence, the contract between the claimant and F & G Distributors, Inc., specifically provided:
The parties hereto agree that Demonstrator [claimant-salesman] is not and shall not be treated as an employee for Federal, state or local income and employment tax purposes or for any other purposes, with respect to the services to be performed and/or amounts earned by Demonstrator and paid by Company [F & G Distributor’s, Inc.] pursuant to this Agreement.
Demonstrator shall not be entitled to any benefits provided by Company to employees, including, but not limited to, unemployment insurance or workmen's compensation coverage.
Although such a contractual provision is not conclusive, it is a strong indication that the parties intended to create a principal-independent contractor relationship. Canto v. Cochran, 184 So.2d 173 (Fla.1966). Further, the other evidence established facts concerning the relationship substantially similar to the controlling case of United States Tel. Co. v. State, Dep’t of Labor & Employment Security, 410 So.2d 1002 (Fla. 3d DCA 1982).