DOWNEY, Judge.
Rolland S. Clark filed a claim for unemployment compensation after terminating his employment with appellant, M & L Distributors, Inc. From a final agency order upholding the Recommended Order of the hearing officer that awarded Clark unemployment compensation, appellant has perfected this appeal.
Clark was engaged in selling automatic swimming pool cleaners called “Kreepy Kraulies” for appellant. When he terminated his employment and sought unemployment compensation the department undertook an investigation to determine whether Clark was entitled to compensation. Although Clark left the state and advised the department that he was no longer interested in pursuing the matter, the department, nonetheless, refused to abandon the claim. Eventually, the proceeding was heard by a hearing officer and evidence was adduced to resolve the critical issue in the case, i.e., was Clark an “employee” within the meaning of section 443.-036(17), Florida Statutes (1983), or an “independent contractor.” Based upon the evidence adduced, the hearing officer and the department concluded Clark was an employee and ordered compensation to be paid.
We have carefully considered the record presented and hold the legal conclusions arrived at below are not supported by the record.
Most of the pertinent facts are uncontra-dicted. It appears that appellant’s salesmen set their own days and hours of work; sales are performed outside and door-to-door; salesmen provide their own transportation and tools needed in their work; they establish their own routes and selling methods; they are not obligated to attend sales meetings; and no quotas are established by appellant. The training of the salesmen is minimal; there is no direct supervision over day to day activities; no taxes or deductions are withheld from the salesmen’s commission checks and both the company and salesmen considered the salesmen to be independent contractors.
Without detailing all of the proof adduced, we feel that recited above demonstrates the manifest weight of the evidence compelling the conclusion appellant was concerned only with making a profit and not with exerting control over the manner in which its salesmen accomplished sales. In a nutshell, that is the test usually resorted to in determining whether a person is an employee or an independent contractor. “The degree of control exercised is the principal consideration in determining employment status.” United States Telephone Company v. Department of Labor and Employment Security, 410 So.2d 1002 *303 (Fla. 3d DCA 1982). We believe United States Telephone Company and Cosmo Personnel Agency of Ft. Lauderdale, Inc. v. Department of Labor and Employment Security, 407 So.2d 249 (Fla. 4th DCA 1981), are controlling here.
Accordingly, we reverse the final agency order appealed from and remand the cause with directions to enter an order denying compensation to the claimant.
REVERSED AND REMANDED with directions.
HERSEY, C.J., and WALDEN, J., concur.