PER CURIAM.
The undisputed facts as found by the special deputy and adopted by the Department of Labor and Employment Security demonstrated that therapists performing services under contract for the appellant were independent contractors, as determined by the deputy, rather than employees, as held by the department. This conclusion is mandated not only by the specific provisions of section 443.036(17)(n)20., Florida Statutes (Supp.1984),[1] see Brooks v. State, 478 So.2d 1052 (Fla.1985), but by a host of recent decisions, unacceptably ignored by the appellee, which have so held on indistinguishable facts. E.g., F & G Distributors, Inc. v. State, Department of Labor and Employment Security, 478 So.2d 891 (Fla. 3d DCA 1985); United States Telephone Co. v. State, Department of Labor & Employment Security, 410 So.2d 1002 (Fla. 3d DCA 1982); Systematic Distribution Corp. v. State, Department of Labor & Employment Security, 466 So.2d 1275 (Fla. 3d DCA 1985); A Nu Transfer, Inc. v. Department of Labor & Employment Security, 427 So.2d 305 (Fla. 3d DCA 1983). Accordingly, the final order under review is
Reversed.

. Sec. 443.036(17)(n) provides:
(n) Exclusions generally. — The term "employment” does not include:
20. Service performed by a speech therapist, occupational therapist, or physical therapist who is nonsalaried and working pursuant to a written contract with a home health agency as defined in s. 400.462.