COBB, Judge.
This is an appeal from an order of the Unemployment Compensation Division of the State Department of Labor and Employment Security which determined that drywall hangers and finishers working for appellant, Emory Messer, were employees, rather than independent contractors.
The test to determine whether an employer-employee relationship or an independent contractor relationship exists is set out in Restatement (Second) of Agency § 220 (1957), and was adopted by the Florida Supreme Court in Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858 (1941), and Cantor v. Cochran, 184 So.2d 173 (Fla.1966). See also Hilldrup Transfer & Storage of New Smyrna Beach, Inc. v. State Dept. of Labor and Employment Security, 447 So.2d 414 (Fla. 5th DCA 1984). That test provides:
In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered:
(a) the extent of control which, by the agreement, the master may exercise over the details of the work;
*1373 (b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
(d) the skill required in the particular occupation;
(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
(f) the length of time for which the person is employed;
(g) the method of payment, whether by the time or by the job;
(h) whether or not the work is a part of the regular business of the employer;
(i) whether or not the parties believe they are creating the relationship of master and servant; and
(j) whether the principal is or is not in business.
In examining these ten factors in light of the evidence presented below, we determine that only two of the factors — (h), whether the work is part of the regular business of the employer, and (j), whether or not the principal is in business, point towards an employer-employee relationship. Both of these factors are relatively insignificant ones and in this case must give way to the weight of the other factors, which clearly indicate an independent contractor relationship.
Of all the factors examined in determining a worker’s status, the right of control as to the mode of doing the work is the principal consideration. V.I.P. Tours of Orlando v. State Dept. of Labor and Employment Security, 449 So.2d 1307 (Fla. 5th DCA 1984). In the instant case, the deputy found and the evidence shows that Messer is more concerned with the end result of the work done than with the details of the work. As such, the level of control being exercised here is consistent with an independent contractor relationship rather than that of an employer-employee. See Adams v. Dept. of Labor and Employment Security, 458 So.2d 1161 (Fla 1st DCA 1984), review denied, 469 So.2d 748 (Fla.1985); Hilldrup Transfer & Storage of New Smyrna Beach, Inc. v. State Dept. of Labor and Employment Security, 447 So.2d 414 (Fla. 5th DCA 1984).
The fact that Messer, as the contractor, supplies the wallboard is similarly unpersuasive in determining that an employer-employee status exists. Indeed, this fact is vitiated by the uncontroverted evidence that the workers themselves supply their own hand tools.
Other crucial factors which point towards an independent contractor status are that the workers were employed and paid on a per-job basis, without any taxes being withheld, no fringe benefits given, no medical insurance, no vacations and no sick pay. No social security or withholding was deducted from the workers’ pay. The evidence presented below also showed that the workers were free to work for anyone else at any other time, with the usual job only taking one-and-a-half to two weeks to complete.
The deputy placed great emphasis on the Brevard County requirement that drywall contractors must have licenses in order to work, finding that since the workers did not have such licenses, but rather worked under Messer’s license, they must be employees. The fact that the workers did not have occupational licenses, and could therefore not hold themselves out as drywall contractors under the Brevard County ordinance, does not affect the relationship as between the parties, which is the issue for determination in this case. Even though Messer, as the contractor, is ultimately responsible for the total job under the ordinance, that does not change the fact that workers he obtains to do the job are independent contractors. See also § 489.-105(3), Fla.Stat. (1985) (“contractor” means the person who is qualified for and responsible for the entire project contracted for).
The Commission in the instant case placed too much weight on the licensing *1374 requirement, and not enough weight on those factors which in reality control whether an independent contractor or employer-employee relationship exists. The record clearly demonstrates that Messer’s workers were independent contractors, rather than employees as found by the Commission. Accordingly, the Commission’s order is
REVERSED.
DAUKSCH and SHARP, JJ., concur.