UPCHURCH, Chief Judge.
F.L. Enterprises appeals an order of the Unemployment Appeals Commission af *1341 firming a referee’s decision in favor of Marsha Jouben. The crucial question in determining Jouben’s eligibility for unemployment benefits concerns whether she was an employee or an independent contractor of F.L. Enterprises. We conclude that the evidence clearly establishes that Jouben was an independent contractor rather than an employee and reverse.
Pursuant to an Independent Contractors Agreement with F.L. Enterprises, Jouben undertook the solicitation of time share prospects. F.L. Enterprises is a company which arranges for time share prospects to visit time share resorts. It does not sell time share interests. It contracts with solicitors such as Jouben to approach tourists at central Florida hotels, shopping malls and the like to arrange for them to tour particular resorts. The solicitor is paid a commission of $25.00 for each qualified[1] prospect that is referred to a resort. This is the solicitor’s only compensation, regardless of the time involved. The resort, not F.L. Enterprises, determines whether the prospect is qualified. Each prospect is informed they will receive a gift from the particular resort in exchange for visiting the facility and sitting through a presentation. In the event a prospect is determined to be unqualified, the procuring solicitor may be charged for the cost of the gift.
Solicitors are informed when they are hired that they are independent contractors. They may work either a day or evening shift at a particular location. F.L. Enterprises attempts to accommodate solicitors, and makes the final decision as to hours when, and locations where they are to work. The solicitor is required to be present at a particular location during the particular shift. Solicitors receive no benefits such as vacation or insurance and neither Social Security nor income tax is deducted from their weekly pay checks. The solicitors have no quotas and work without direct supervision. There is no formal training program for solicitors. Solicitors attend a weekly meeting where paychecks are distributed along with brochures provided by the time share resorts. Finally, solicitors are permitted to engage in outside employment so long as it is not in the same field and Jouben worked several days a week for a department store.
The referee concluded that Jouben was an employee because F.L. Enterprises exercised control over her by expecting her to attend the weekly meetings, by scheduling the time and place of her work, by making periodic visits to her locations and because F.L. Enterprises controlled the final product.
In considering the issue of employee vs independent contractor, we reiterate the test found in the Restatement (Second) of Agency § 220, which is routinely used in this state:
In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered:
(a) the extent of control which, by the agreement, the master may exercise over the details of the work;
(b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
(d) the skill required in the particular occupation;
(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
(f) the length of time for which the person is employed;
(g) the method of payment, whether by the time or by the job;
(h) whether or not the work is a part of the regular business of the employer;
*1342 (i) whether or not the parties believe they are creating the relationship of master and servant; and
(j) whether the principal is or is not in business.
See, e.g., Cantor v. Cochran, 184 So.2d 173 (Fla.1966); Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858 (1941); Messer v. Department of Labor & Employment, 500 So.2d 1372 (Fla. 5th DCA 1987).
Of all the factors, the right of control as to the mode of doing the work is the principal consideration. VIP Tours v. State, Department of Labor & Employment Security, 449 So.2d 1307 (Fla. 5th DCA 1984). The evidence here clearly shows that F.L. Enterprises exercised no control over the details of the work and left Jouben to solicit prospects entirely as she wished. There was simply no requirement that the work be done in a particular manner,[2] and there is no evidence that Jou-ben’s presentations were monitored or reviewed. While Jouben was expected to work particular times and locations, she notified F.L. Enterprises what periods she would be available for work. Furthermore, merely expecting that a worker be present at a particular location during a particular time does not, without more, transform the worker from an independent contractor to an employee. See, e.g., VIP Tours v. State, Department of Labor & Employment Security, 449 So.2d 1307 (Fla. 5th DCA 1984).
As to the weekly meetings, the evidence showed that while valuable information was imparted and attendance obviously encouraged, Jouben would not have been discharged if she failed to attend.
There were additional indicia of an independent contractor status such as lack of fringe benefits and the absence of withholding for taxes and Social Security from the solicitor’s pay, see, e.g., Messer, 500 So.2d at 1373, payment by way of commissions, Florida Industrial Commission v. State ex rel. Orange State Oil Co., 155 Fla. 772, 21 So.2d 599 (1945); Cosmo Personnel v. State, Department of Labor & Employment, 407 So.2d 249 (Fla. 4th DCA 1981), the existence of the agreement which indicates F.L. Enterprises and Jou-ben considered the solicitors to be independent contractors, VIP Tours v. State, Department of Labor & Employment, 449 So.2d 1307 (Fla. 5th DCA 1984); F & G Distributors v. Department of Labor & Employment Security, 478 So.2d 891 (Fla. 3d DCA 1985) and the fact that Jouben could hold other employment (though not in the same field). See Unique Construction Co., Inc. v. Department of Labor & Employment, 472 So.2d 1349 (Fla. 2d DCA 1985).
The referee’s determination that F.L. Enterprises controlled the final product, which here was a qualified prospect, is erroneous. The evidence clearly shows that the time share resorts controlled this determination.
We conclude that there was a lack of substantial evidence to support the referee’s conclusion that Jouben was an employee.
REVERSED.
SHARP and COWART, JJ., concur.

. In order to qualify, the prospect must be a U.S. citizen between the ages of twenty-three and sixty-three, married and earn over $20,000 a year.

. Jouben points out that when a prospect was obtained, she was required to telephone F.L. Enterprises as to when and at what resort the particular prospect could be expected and she maintains that this was a form of control over her and her work. However, F.L. Enterprises showed that rather than being designed as a control mechanism, this requirement merely re-fleets a valid business need, i.e., to avoid overbooking and time conflicts at the particular resorts. See Hilldrup Transfer v. State, Department of Labor & Employment, 447 So.2d 414, 417 (Fla. 5th DCA 1984) (truck operators not employees where they were required to notify company daily of their whereabouts since this was done to facilitate use of trucks and trailers).