247 So.2d 461 (1971)
Lula COLLINS, Appellant,
v.
FEDERATED MUTUAL IMPLEMENT AND HARDWARE INSURANCE COMPANY and Ervin E. Faircloth, Appellees.
No. 70-572.
District Court of Appeal of Florida, Fourth District.
April 23, 1971.
*462 Daniel H. James, of Hamilton, James, Merkle & Young, West Palm Beach, for appellant.
John R. Beranek of Jones, Paine & Foster, West Palm Beach, for appellees.
CROSS, Chief Judge.
Appellant-plaintiff, Lula Collins, appeals a final summary judgment entered in favor of the appellees-defendants, Federated Mutual Implement and Hardware Insurance Company and Ervin E. Faircloth, in an action for wrongful death of plaintiff's husband, Winton R. Collins, brought pursuant to Section 768.02, Florida Statutes 1969, F.S.A. We reverse.
Rubin Construction Company had contracted with the State Road Department for the construction of a public street in West Palm Beach, known as South Olive Avenue. The deceased, Winton R. Collins, was an employee of Rubin Construction Company and was engaged in the paving operation. Rubin Construction Company owned a fleet of its own dump trucks, and at times when it needed additional trucks it would hire them from other sources. Rubin Construction Company would on occasion lease trucks and drivers from Herbert Willard Trucking Company. The defendant, Ervin E. Faircloth, owned a dump truck and had leased it to Herbert Willard Trucking Company, and this was the truck which was being driven by the defendant, Ervin E. Faircloth, in the paving operation for Rubin Construction Company when an accident occurred with Winton R. Collins, thereafter causing his death. Subsequently, the widow of Winton R. Collins filed complaint for damages pursuant to the wrongful death statute, F.S.A. § 768.02, against the defendant, Ervin E. Faircloth and Federated Mutual Implement and Hardware Insurance Company, Faircloth's insurer.
The defendants answered the complaint and in essence, the answer denied the material allegations of the complaint and asserted as a defense that plaintiff's decedent, Winton R. Collins and the defendant, Ervin E. Faircloth, were engaged in a common employment, and that by reason thereof, the exclusive remedy of the plaintiff was under the Workmen's Compensation Laws of the State of Florida. Thereafter the defendants, Federated Mutual Implement and Hardware Insurance Company and Ervin E. Faircloth, filed motion for summary judgment and in support thereof several depositions were filed. Motion for summary judgment was bottomed upon the proposition that the defendant, Ervin E. Faircloth, was entitled to immunity from suit under chapter 440, Workmen's Compensation Law.
The trial court granted defendants' motion for summary judgment determining the defendant, Ervin E. Faircloth, to be an independent subcontractor as a matter of law and entitled to immunity under the provisions of Section 440.11, Florida Statutes, F.S.A. It is from this final summary judgment entered in favor of both the defendants, Federated Mutual Implement and Hardware Insurance Company and Ervin E. Faircloth, that the plaintiff now appeals.
It is clear that the determination of this cause turns upon the status of Faircloth; that is, whether Faircloth is a *463 subcontractor. If Faircloth falls within this category, recovery would be limited to the Workmen's Compensation Act. However, if Faircloth was not in this category, but was a third party tort-feasor, then F.S. § 440.39, F.S.A., would be applicable. Section 440.39, Florida Statutes 1969, F.S.A., provides in part that an employee injured in an industrial accident by the negligence or wrongful act of a third party may accept compensation and still pursue his remedy by action at law against the third party.
It is conceded by the parties that the record here is sufficient to pass upon and decide this question. The facts are not in conflict and under the circumstances the question presented is one of law. Bossom v. Gillman, 1915, 70 Fla. 310, 70 So. 364; Nelson v. Montgomery Ward & Company, 312 U.S. 373, 61 S.Ct. 593, 85 L.Ed. 897.
Liberally sprinkled through § 440.10 of the Workmen's Compensation Act are the words "contractor" and "subcontractor." Yet the act itself does not favor us with any definition of these terms. However, the Florida Supreme Court has seen fit to consider the Mechanics Lien Statute to be in pari materia to the Workmen's Compensation Act, to the extent that an understanding of one may aid in the interpretation of the other. Goldstein v. Acme Concrete Corporation, Fla. 1958, 103 So.2d 202. Section 713.01 of the Mechanics Lien Law supplies us with the definition of subcontractor:
"(16) Subcontractor means a person other than a materialman or laborer who enters into a contract with a contractor for the performance of any part of such contractor's contract."
This definition leaves much to be desired, since it is obvious that every contractor employs in various capacities other people who help to obtain the final goal: in this case, the building of a road. Categories such as laborers, materialmen, suppliers, and independent contractors all, in a sense, perform a part of the contractor's contract. The difficult part of sorting out these people and placing labels on them differentiating between those who are actual employees of the contractor and those who are independent contractors must of necessity be done on an individual fact basis.
The status of an independent contractor as distinguished from that of an employee consists of a contractual relationship by one with another to perform something for him, but the one so engaged is not controlled or subjected to control of the other in the performance of the engagement, but only as to the result. Conversely, a principal in an employee-employer relationship retains the right to control the conduct of the employee in regard to the engagement entrusted to him. It may be said that the recognized distinction between an employee and an independent contractor is determined by whether the person is subject to or whether he is free from control with regard to the details of the engagement. Florida Industrial Commission v. State, 1945, 155 Fla. 772, 21 So.2d 599; 2 Am. Jur., Agency § 8.
Generally the test of what constitutes independent service lies in the control exercised, the decisive question being who has the right to direct what shall be done, and when and how it shall be done. The right of control as to the mode of doing the work contracted for is the principal consideration in determining whether one is employed as an independent contractor or as a servant. The relationship of employer and employee requires control and direction by the employer over the actual conduct of the employee. This exercise of control over the person as well as the performance of the work to the extent of prescribing the manner in which the work shall be executed and to the method and details by which the desired result is to be accomplished, is the feature that distinguishes an independent *464 contractor from a servant. 17 Fla.Jur., Independent Contractors § 4.
Applying these principles to the facts in the case at bar, we find the following: Faircloth was under the control and supervision of Rubin to the extent that Rubin dictated the manner and means of how the job was to be done, what job Faircloth was going to work and what hours Faircloth would work. Rubin told Faircloth when to obtain a load of asphalt. Rubin's foreman supervised and controlled Faircloth to the extent of telling Faircloth when to dump the asphalt into the spreader. It is apparent that if Faircloth did not obey Rubin's foreman, Faircloth would be fired. Rubin retained the right to control the conduct of Faircloth in regard to the engagement entrusted to Faircloth. Rubin or his foreman directed what shall be done, when and how it shall be done, the mode of doing it and exercised control and direction over the conduct of Faircloth. The facts reveal to us most vividly that Faircloth was an employee and not an independent contractor; he was akin to a laborer who brought his own shovel to do the work; he was never free from control by Rubin or his supervisors with regard to the details of the engagement.
It is our conclusion that under the facts in this case Faircloth was acting in the status of a co-employee or fellow servant and was a "third party tort-feasor" within the meaning of the workmen's compensation law, and as such would be liable for any injury caused to another workman even though the worker's employer compensated him for the injury under the provisions of the workmen's compensation law. Frantz v. McBee Company, Fla. 1955, 77 So.2d 796.
Accordingly, the summary final judgment entered in favor of the defendants, Ervin E. Faircloth and Federated Mutual Implement and Hardware Insurance Company, is reversed and the cause remanded to the trial court for further proceedings consistent with the views herein expressed.
Reversed and remanded.
OWEN, J., and MELVIN, WOODROW M., Associate Judge, concur.