459 So.2d 447 (1984)
BURNUP & SIMS COM TEC, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, DIVISION OF EMPLOYMENT SECURITY, Appellee.
No. 83-1893.
District Court of Appeal of Florida, Second District.
November 21, 1984.
*448 Paul R. Pizzo and Nathan Goldman of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
Alex D. Littlefield, Jr., of Fla. Dept. of Labor and Employment Sec., Tallahassee, for appellee.
PER CURIAM.
We originally entered a per curiam decision without opinion affirming the order entered below. Upon reflection, we grant rehearing, withdraw our original decision, and enter the opinion and decision which hereafter follow.
Burnup & Sims appeals from an order of the Department of Labor and Employment Security, Division of Unemployment Compensation, which adopted the special deputy's recommendation that certain individuals performing services for it as cable splicers and installers are "employees" under section 443.036(17), Florida Statutes (1983).
Burnup & Sims is in essentially the same business as that of the appellant in D.O. Creasman Electronics, Inc. v. State of Florida Department of Labor & Employment Security, Division of Unemployment Compensation, 458 So.2d 894 (Fla. 2d DCA 1984). In that case we reversed the department's holding that certain cable splicers performing services under contract to Creasman were actually its employees. While the work done by the cable splicers and installers for Burnup & Sims seems to be the same as that performed by Creasman's cable splicers and the relationship between the respective parties is much the same, there are certain factors which make this a closer case.
Unlike Creasman, there are occasions when the cable splicers and installers bid for their contracts with Burnup & Sims on a price per hour basis. In addition, Burnup & Sims sometimes furnishes its own employee-helpers to assist the cable splicers and installers, and there is evidence that the contracts are terminable at will by either party without penalty. Nevertheless, we are convinced that the all important aspect of control over the means by which the work is accomplished is so lacking that the cable splicers and installers in this case must be deemed to be independent contractors. See A Nu Transfer, Inc. v. Department of Labor & Employment Security, 427 So.2d 305 (Fla. 3d DCA 1983); United States Telephone Co. v. State, Department of Labor & Employment Security, 410 So.2d 1002 (Fla. 3d DCA 1982). The special deputy misconstrued the telephone company's inspection of results of the work as demonstrating control by Burnup & Sims over the means by which the service is performed.
We hold that the cable splicers and installers are not employees of Burnup & Sims for purposes of the Unemployment Compensation Law.
Reversed.
GRIMES and SCHOONOVER, JJ., concur.
BOARDMAN, A.C.J., dissents with opinion.
BOARDMAN, Acting Chief Judge, dissenting.
I would deny the motion for rehearing and follow our original decision.
Upon further review, I am still of the opinion there is sufficient evidence in the record to uphold the special deputy's findings; *449 therefore, I cannot conclude that his findings are in error.