460 So.2d 996 (1984)
T & T COMMUNICATIONS, INC., Appellant,
v.
STATE of Florida DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Appellee.
No. 84-19.
District Court of Appeal of Florida, Second District.
December 19, 1984.
John R. Newcomer of Yado, Keel, Nelson, Casper, Bergmann & Newcomer, P.A., Tampa, for appellant.
Alex D. Littlefield, Jr., Tallahassee, for appellee.
BOARDMAN, Judge.
This is an appeal from an order of the Department of Labor and Employment Security, Division of Unemployment Compensation, adopting the special deputy's recommendation that certain individuals performing services for appellant as cable installers are "employees" under section 443.036(17), Florida Statutes (1983). We reverse.
The special deputy made the following findings of fact:
In August, 1981, the Petitioner, a corporation, began doing business with a cable television company (hereinafter referred to as the CTV company) in Pinellas County, Florida. The Petitioner's only business is to provide "cable installers" to the CTV company on a daily "as needed" *997 basis. These installers are the individuals involved in this matter. The CTV company has some installers as employees and the excess work is given to the Petitioner. The work performed by the installer is to go to a customer's home and completely install a television cable. An installer can perform ten to fifteen such installations in a day. The Petitioner only engages the services of qualified experienced installers so no training or routine instructions are required.
The installers report at the CTV warehouse at 7:30 a.m. to receive that day's assignments. The work is given out on a first come basis. It is possible for there to be more installers than work assignments. There is no requirement that any installer report on a given day since this is day-to-day work. The installers are usually told the day before how much work will be available the next day. If enough installers do not show up, the Petitioner will call some to see if they will come in and work. The CTV company promises customers what day the cable is to be installed and the assignments are made on that basis. The Petitioner has contracted with another corporation, a consulting firm, to be at the CTV warehouse daily to handle its business with the CTV company. The consulting firm is [a] one man corporation whose only business is with the Petitioner. The consultant distributes the work assignments to the installers, checks every completed job, and handles any complaints from the customers or the CTV company. All materials to accomplish the work are furnished by the CTV company as well as plans, prints, and specifications required to perform the work. Each installer must wear a badge which states that he is a contractor with the CTV company and a similar sign is placed on his truck. In addition, he must wear a tee shirt, which he pays for, with the Petitioner's name on it. This identification is for the customers since this is a public service in their home. The installers must furnish their trucks and all tools necessary to perform the work which is common in the trade. The work can be performed alone; however, the installers are free to obtain a helper and some do so. However, they may not employ the services of any CTV personnel without the Petitioner's written approval. The installer guarantees his work for ninety days and is required to correct any defects discovered in this time without additional compensation. The installers are paid on "piece-rate basis" an amount set by the Petitioner for each identifiable unit of work. There are no other forms of payment or fringe benefits except for workers compensation insurance to protect them and the Petitioner in the event of an on-the-job injury. The policy is issued to the Petitioner and he requires the installers to pay him for their individual coverage by paying a stated amount per $100 of compensation.
In accordance with the written agreement, the Petitioner may inspect the work in progress, although this is almost never done; he may require overtime work; he may have the work corrected and if the installer refuses to do it himself, the Petitioner can deduct the cost from any payment due. The Petitioner may terminate any installer at anytime without notice for such things as poor work performance, failure to correct defective work or failing to supply required materials or labor. The installers may leave any time they choose.
A reading of these findings illustrates that this factual situation bears some strong resemblances to those in our recently decided cases of Burnup & Sims Com Tec, Inc. v. State of Florida, Department of Labor & Employment Security, Division of Unemployment Compensation, 459 So.2d 447 (Fla. 2d DCA 1984) (on rehearing), and D.O. Creasman Electronics, Inc. v. State of Florida Department of Labor & Employment Security, Division of Unemployment Compensation, 458 So.2d 894 (Fla. 2d DCA 1984). Although T & T Communications is not in precisely the same business as the appellants in those cases, there exist many similarities in the *998 relationship between the appellant businesses and the individuals performing work for those businesses.
Although the case law in Florida requires that a number of factors be considered in making a determination of employee or independent contractor status, Cantor v. Cochran, 184 So.2d 173 (Fla. 1966), the most important factor is the extent of control exercised by the employer. In this case, although the installers have agreed with the appellant to complete the cable installations according to the cable television company's plans and specifications, the installers themselves determine the method by which to accomplish the installation. The appellant's only concern is with the final product or result. This is the traditional control that a contractor exerts over an independent contractor. Collins v. Federated Mutual Implement & Hardware Insurance Co., 247 So.2d 461 (Fla. 4th DCA), cert. denied, 249 So.2d 689 (Fla. 1971).
Further indicia that these cable installers are independent contractors are the fact that cable installers are normally unsupervised, independent contractors; that cable installers are skilled tradesmen; that the installers provide their own tools and transportation; and that the installers are not employed for any length of time, are paid per installation, and receive no vacation and fringe benefits.
The facts as found by the special deputy do not support the conclusion that the cable installers are employees of the appellant company. For this reason, the decision of the State of Florida Department of Labor and Employment Security is reversed.
RYDER, C.J., and CAMPBELL, J., concur.