GLICKSTEIN, Judge.
This is an appeal of a summary final judgment determining that a carpet installer was not an employee of a carpet seller but rather was an independent contractor. An appeal from a summary final judgment in a case involving similar facts has been held to be appropriate by one of our companion courts. See Kane Furniture Corporation v. Miranda, 506 So.2d 1061 (Fla. 2d DCA 1987). We affirm.
Appellants filed a complaint against ap-pellee alleging that on or about March 6, 1985, Miami Rug, by and through its agents or employees, was delivering and/or installing carpeting at the Sheffield D. Condominium where appellants reside; that ap-pellee’s truck was negligently parked in front of the walkway commonly used by appellants for ingress to and egress from the condominium building; that due to the manner in which appellee’s truck was parked, the only available access route to and from the building was through the common lawn area; and that the appellant husband fell over a concealed or unmarked obstruction while attempting to cross this common lawn area and sustained bodily injuries.
Appellee filed a motion for summary judgment on the grounds that it did not own, lease or otherwise maintain vehicles used in transporting, delivering and/or installing carpeting; and that it did not employ the person or persons who operated the truck which blocked the walkway to the condominium building. It filed the affidavit of its regional manager who asserted under oath:
That on or about March 6, 1985, MIAMI RUG COMPANY contracted with Neal’s Carpet Service to deliver and install carpeting, and on this date, it was a representative of Neal’s Carpet Service, operating a vehicle owned by Neal’s Carpet Service, who was in the vicinity of the SHEFFIELD D. CONDOMINIUM at the time of the plaintiff’s alleged fall.
In ruling on appellee’s motion, the trial court considered the installation agreement between appellee and its installer-contractor, Neal’s Carpet Service. In relevant part, that agreement stated that:
This Agreement, entered into this 22nd day of February 1978, between Niel’s [sic] Carpet Service hereinafter called Installer-Contractor and MIAMI RUG COMPANY, hereinafter called the Company, [provides] as follows:
The Installer-Contractor will install, in a workmanlike manner, carpeting and padding with appropriate trimming materials, in accordance with installation diagram which will be supplied by the Company. The Company will pay the Installer-Contractor at a rate of $1.20 per yard of carpeting installed, for the performing of all services and furnishing of all materials by the Installer-Contractor under this Agreement, and this specific sum shall be full compensation for Installer-Contractor services in performing this Agreement.
It is distinctly and particularly understood and agreed between the parties hereto that the Company is in no way associated or otherwise connected with the actual performance of this contract on the part of the Installer-Contractor, nor as to the employment of labor or the incurring of other expenses; that the Installer-Contractor is an independent contractor and solely and personally liable for all labor and expenses in connection therewith, and for any and all damages which may be occasioned on ac *728 count of operation of this contract, whether the same be for personal injuries or damages of any other kind.
The Installer-Contractor shall complete this contract according to his own means and methods of work, which shall be in the exclusive charge and control or supervision by the Installer-Contractor, and which shall not be subject to control or supervision by the Company and it is agreed that the Company is interested only in the results obtained.
The Installer-Contractor shall furnish at his own expense all labor and materials (except the carpeting, padding and trimming materials furnished by others). The Installer-Contractor will clean up the installation site, after installation, removing all debris or left over materials. Installer-Contractor will remain responsible for any re-work to be done because of improper or inadequate performance of this contract and Installer-Contractor will perform all such necessary work for one year from date of completion of performance under this contract. Such repairs must be completed within 48 hours. Should the Company make repairs for the Installer-Contractor, the cost of same will be charged to the Installer-Contractor and deducted from amounts due him.
[[Image here]]
The Company shall not be responsible for or held liable for any damage to person or property consequent upon the use, misuse or failure of any equipment used by the Installer-Contractor or any of its employees, even though such equipment be furnished, rented or loaned to the Installer-Contractor by the Company. The acceptance or use of any such equipment by the Installer-Contractor or any of its employees shall be construed to mean that the Installer-Contractor accepts full responsibility for and agree [sic] to exonerate, indemnify and save harmless the Company from and against any and all claims for any damage whatsoever resulting from the use, misuse, or failure of such equipment, whether such damage be to the employee or property of the Installer-Contractor, the Company or of other persons.
Installer-Contractor shall take all precautions necessary and shall be responsible for the safety of the work hereunder and shall maintain all lights, guards, signs, temporary passages or other protection necessary for that purpose. All work shall be done at the Installer-Contractor’s risk and if any loss or damage shall result from fire or other cause, the Installer-Contractor shall promptly repair or replace such loss or damage, free from all expense to the Company. Contractor shall be responsible for any loss of or damage to materials, carpet, padding, tools, or other articles used or held for use in connection with the work. By way of clarification, risk of loss shall be upon the Contractor after receipt of carpet.
[[Image here]]
Installer-Contractor will maintain his own books and records, according to applicable law, prepare his payroll, and pay for all the expenses and costs for running its business. The sole obligation for the Company will consist of paying the aforesaid contract price for work to be performed under this Agreement.
On May 1,1987, the deposition of Robert Abbale, appellee’s regional manager, was filed in support of appellee’s motion. A review of the deposition transcript discloses that Mr. Abbale testified that:
1. Miami Rug could terminate the relationship with Neal’s at any time if Miami Rug were dissatisfied with the work performed by Neal’s Carpet Service;
2. A customer with a complaint about the carpet installation would call Miami Rug, rather than the installer, and the Miami Rug salesperson who handled the sale would fill out a service order form;
3. The vehicle used by Neal’s Carpet Service to deliver carpeting to the customers was not owned by Miami Rug;
4. The Miami Rug salesperson who sold the carpeting was the person who prepared the diagram illustrating how the carpeting was to be installed;
*729 5. Neal’s Carpet Service was paid by Miami Rug as piece work (by the yard) after the submission of a bill to Miami Rug for services rendered;
6. Miami Rug did not deduct social security or withholding taxes from the amount it paid Neal’s Carpet Service;
7. Miami Rug did not furnish any equipment to Neal’s Carpet Service;
8. Miami Rug had no input in the hiring of Neal’s Carpet Service’s employees;
9. Miami Rug did not supervise the work done by Neal’s Carpet Service;
10. Miami Rug did not set Neal's Carpet Service’s working hours but required Neal’s to pick up job assignments during Miami Rug’s working hours;
11. Neal’s Carpet Service was required to maintain its own liability insurance coverage; however, in the event of a lapse in coverage, Miami Rug would place Neal’s on its insurance policy and then deduct the amount of the insurance premium from Neal’s payment for services rendered;
12. Miami Rug did not provide employees of Neal’s Carpet Service with any fringe benefits, health insurance, unemployment compensation, or workers’ compensation insurance;
13. Neal’s Carpet Service was only one of about ten carpet installers used by Miami Rug; and
14. Carpet installation jobs were assigned to the various carpet installers based on the size of the job and the availability of the installer on the date needed.
The trial court granted Miami Rug’s motion for summary judgment, finding that “the contract between Miami Rug and Neal’s Carpet Service ... demonstrated conclusively that the relationship of Neal’s Carpet Service to the Miami Rug Company was that of an independent contractor, and not that of an employee.” The court further found that Neal’s Carpet Service performed the delivery and installation under its own direction, utilizing its own vehicle and tools, and that Miami Rug exercised no control over the manner in which Neal’s Carpet Service performed its installation work. We agree, thus approving the trial court’s entry of summary final judgment.
The appropriate test for determining whether one is an employee or an independent contractor is that set forth in Cantor v. Cochran, 184 So.2d 173 (Fla.1966). In that case the Florida Supreme Court was asked to determine whether a workmen’s compensation claimant, who worked at a grocery store helping customers carry their purchases to their cars, was an employee or an independent contractor for purposes of entitlement to compensation for injuries sustained when the trunk lid of a customer’s automobile fell across his back while he was loading bags into the vehicle’s trunk. In finding that the claimant was an employee rather than an independent contractor, the Florida Supreme Court adopted the test set forth in 1 Restatement (Second) of Agency (1958) § 220, and noted that “[t]he comment on this Section states that the factors set out in Subsection (2) of § 220 are all to be considered in determining the question which will depend on the existence vel non of a sufficient group of favorable factors to establish the relation.” Id. at 174.
This court has followed the rule expressed in Cantor v. Cochran that the factors to be considered in determining whether one is an employee or an independent contractor are those enumerated in section 220(2) of the Restatement (Second) of Agency (1958). See Singer v. Star, 510 So.2d 637 (Fla. 4th DCA 1987), Delco Industries, Inc. v. State of Florida, Department of Labor and Employment Security, 519 So.2d 1109 (Fla. 4th DCA 1988). An application of the Restatement test to the facts set forth in the record herein support the trial court’s conclusion that Neal’s Carpet Service was an independent contractor and not an employee of Miami Rug.
ANSTEAD and GUNTHER, JJ., concur.