SHIVERS, Judge.
The employer/carrier (E/C) in this workers’ compensation case appeal the deputy commissioner’s (DC’s) finding that the claimant/appellee was not an independent contractor and, consequently, that his accident was compensable. We reverse.
The record on appeal indicates that claimant, Michael Bethel, met with Roy Merritt, store manager for appellant Eighty Four Lumber (Eighty Four), in June of 1987 to discuss the possibility of hanging or installing garage doors sold by Eighty Four. According to claimant’s testimony, Merritt had a contract with him at the meeting which required claimant to supply proof of his own workers’ compensation insurance, and which stated that claimant would be an independent contractor. According to claimant, he informed Merritt that he did not have his own workers’ compensation insurance, that all of his past employers had covered him under their own policies, and that, if Eighty Four required him to carry his own insurance, Merritt would have to find someone else to install his garage doors. When Merritt called him. back several days later to tell him he had the job, claimant assumed that he was being covered under Eighty Four’s policy. Claimant did admit that Merritt never specifically told him that he would be covered under Eighty Four’s policy. Merritt, on the other hand, did not recall claimant having told him either that he did not have workers’ compensation insurance, or that he would not work for Eighty Four if he were not covered under Eighty Four’s policy. Merritt admitted that claimant never in fact supplied him with proof of his own insurance, but stated that he continued to use claimant based on an oral agreement that claimant would present proof of insurance.
The evidence was undisputed that all of the garage doors installed by claimant were supplied by Eighty Four and were delivered by Eighty Four to the houses where they were to be installed. Merritt would then call claimant and tell him where the house was located and when the door needed to be installed. Merritt was aware that claimant was installing garage doors for other companies during the same time period, and allowed claimant to work the Eighty Four installations into his own schedule. Had claimant been unable to install a door when needed by Eighty Four, Merritt stated he would have found “another independent contractor” to do the work. Claimant supplied all of his own tools, and was neither supervised by Eighty Four as to the details of his work, nor given instructions as to how to install the doors. Claimant received $50.00 per installed door, was paid according to invoices sent by him to Eighty Four, and had no taxes deducted from his checks.
On the day of his accident, claimant telephoned Merritt from the hospital emergency room to inquire about his insurance. He was informed by Merritt at that time that he did not work for Eighty Four and would not be covered under their policy. According to claimant’s testimony, Merritt called back several days later and told claimant *1096 that he had spoken with Eighty Four’s legal department “and that apparently they were going to have to cover me.” Merritt denied having ever made such a statement to claimant, and stated that his understanding was that claimant was an independent contractor with no relation to Eighty Four.
After a hearing at which the only issue was the claimant’s employment status, the DC entered an order specifically accepting claimant’s testimony over Merritt’s, and finding that: (1) claimant was led to believe that he was being hired as a subcontractor, and (2) even assuming he was an independent contractor rather than a subcontractor, Eighty Four “took it upon themselves to cover the claimant under their workers’ compensation policy as a statutory employee” at the time of the hiring.
First, the DC was undisputedly free to resolve conflicts in the testimony in favor of the claimant. Even relying completely on claimant’s testimony, however, the evidence presented at the hearing did not support the DC’s conclusion that claimant was “led to believe” he was being hired as a subcontractor rather than as an independent contractor. Claimant himself admitted that Merritt never specifically told him that he would be covered under Eighty Four’s workers’ compensation policy. At best, claimant’s testimony establishes only that he believed that he was not an independent contractor. As this court stated in La Grande v. B & L Services, Inc., 432 So.2d 1364, 1367 (Fla. 1st DCA 1983), however, “we recognize that the legal relation of [the] parties does not depend upon what they say it was.” 432 So.2d at 1367.
Second, there does not exist competent substantial evidence in the record to support a conclusion that claimant was a subcontractor or employee rather than an independent contractor. Of the ten factors set out in Cantor v. Cochran, 184 So.2d 173 (Fla.1966) for determining whether a workers’ compensation claimant is an employee or an independent contractor, the primary factor is the right to exercise control over the worker. La Grande, supra; Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858 (1941); Collins v. Federated Mutual Implement & Hardware Insurance Co., 247 So.2d 461 (Fla. 4th DCA 1971); Herman v. Roche, 533 So.2d 824 (Fla. 1st DCA 1988). As this court stated in La Grande:
It may be said that the recognized distinction between an employee and an independent contractor is determined by whether the person is subject to or whether he is free from control with regards to the details of the engagement. ... The relationship of employer and employee requires control and direction by the employer over the actual conduct of the employee. This exercise of control over the person as well as the performance of the work to the extent of prescribing the manner in which the work shall be executed and to the method and details by which the desired result is to be accomplished, is the feature that distinguishes an independent contractor from a servant.
432 So.2d at 1367-68 (e.s.), quoting Collins, supra, at 463.
The evidence in the instant case clearly establishes that Eighty Four did not exercise the degree of control over the manner, method, and details of claimant’s work found in Collins and La Grande to indicate an employer/employee relationship. In addition, the evidence indicates that claimant supplied his own tools, was paid by the job upon completion and upon submission of his own invoices to Eighty Four, and that no taxes were deducted from his checks. Viewed in its entirety, we find a lack of competent substantial evidence to support a finding that the claimant in this case was not an independent contractor.
Third, compensability may not be affirmed on the DC’s finding that the claimant was hired as a “statutory employee.” Initially, we note that no evidence was presented and no arguments were made at the hearing regarding the issue of statutory employees, nor was any notice given that claimant intended to raise such an issue. Even had the issue been adequately noticed and raised, there is no evidence in the record to support the DC’s *1097 conclusion that the claimant was a statutory employee pursuant to section 440.-10(1), F.S.
Accordingly, the DC’s order finding claimant’s August 26, 1987 accident to be compensable is hereby reversed.
REVERSED.
WENTWORTH and NIMMONS, JJ„ concur.