The Honorable Lawson Lamar State Attorney Ninth Judicial Circuit Post Office Box 1673 Orlando, Florida 32802
Dear Mr. Lamar:
You ask substantially the following questions:
1. May a promoter, who is a registered professional solicitor, conduct and profit from a private lottery or drawing by chance for a charitable organization if some of the proceeds benefit the charitable organization?
2. Does advertising for a drawing by chance that prominently displays a dollar amount in connection with entering the drawing violate s. 849.0935(4)(f), F.S., if such advertising fails to clearly indicate that "no purchase or contribution is necessary to enter the drawing" or some similar language?
3. Does the promotion of a drawing by chance in which the rules set by the operator allow that the prize will not be awarded if no contributions are received, or if the promoter is not satisfied with the amount of contributions received, violate s. 849.09 or s.849.0935(3)(b), F.S., by requiring a payment or contribution as a condition of winning the prize, thereby requiring consideration from the public?
4. Is cancelling a drawing by chance a violation of s.849.0935(3)(d) or (4)(e), F.S., or may the operator of a drawing by chance reserve the right to cancel the drawing?
5. Is the operator of a drawing by chance conducted under s.849.0935, F.S., required to have an independent source for the prize or may the operator rely on monies received from entrants in the drawing by chance as the source of funds to award the prize and not award the prize if insufficient funds are received?
In sum:
1. A registered professional solicitor is not prohibited from assisting a qualified operator in operating a game of chance under s. 849.0935, F.S.
2. Advertising for a drawing of chance that displays a dollar amount in conjunction with the drawing but which fails to indicate that no purchase or contribution is necessary violates s.849.0935(3)(a) and (4)(b), F.S.
3. Section 849.0935, F.S., contemplates that a prize will be awarded and does not provide for or otherwise permit an operator to cancel a drawing by chance even though the contributions do not reach a certain amount.
4. An operator may not reserve the discretion to cancel a drawing by chance.
5. A drawing of chance in which the operator does not have the prize at the time the tickets or entries are offered but relies on contributions from tickets or entries to obtain the prize would violate s. 849.0935, F.S.
Question One
Section 849.09, F.S., makes it unlawful for any person in this state to promote or conduct a lottery for money or anything of value. Section 849.0935(2), F.S., however, states that s. 849.09
"shall not be construed to prohibit an organization qualified under 26 U.S.C. § 501(c)(3) from conducting drawings by chance, provided the operator has complied with all applicable provisions of chapter 496."
Chapter 496, F.S., the Solicitation of Contributions Act, imposes restrictions and registration requirements on charitable organizations, sponsors and professional solicitors soliciting funds. The chapter specifically authorizes the use of professional solicitors.[1] Thus, s. 849.0935, F.S., authorizes an organization qualified under 26 U.S.C. § 501(c)(3) to conduct drawings by chance as long as the operator has complied with Ch. 496, F.S., which authorizes the use of professional solicitors.[2]
"Operator" is defined by s. 849.0935(1)(b), F.S., to mean "an organization qualified under 26 U.S.C. § 501(c)(3), and its agents, officers, or employees, which promotes, operates, or conducts a drawing by chance." (e.s.) Thus, while I cannot conclude that s. 849.0935, F.S., prohibits a qualified operator from employing a registered professional solicitor in conducting a drawing by chance, the professional solicitor must be an employee, officer or agent of the organization qualified under26 U.S.C. § 501(c)(3). The determination as to whether one is an agent of such an organization is dependent upon the specific facts. Generally, however, the existence of an agency relationship is determined by the degree of control exercised by a principal over the agent.[3]
Therefore, a registered professional solicitor is not prohibited from assisting a qualified operator in running a game of chance under s. 849.0935, F.S., provided he is acting as an employee, officer, or agent of the qualified organization and complies with the requirements of Ch. 496, F.S.[4]
Question Two
Section 849.0935(4)(f), F.S., makes it unlawful to print, publish, or circulate literature or advertising materials used in connection with a drawing that are false, deceptive, or misleading. All brochures, advertisements, notices, tickets, or entry blanks used in connection with a game of chance must "conspicuously disclose" the rules governing the conduct and operation of the drawing.[5] Section 849.0935(4)(b), F.S., makes it unlawful for any operator who, pursuant to the authority granted by s. 849.0935, F.S., promotes, operates, or conducts a drawing by chance "[t]o require an entry fee, payment, proof of purchase, or contribution as a condition of entering the drawing or of being selected to win a prize."
In light of the above provisions, I am of the opinion that an advertisement that indicates a dollar amount in conjunction with the drawing but does not state that no purchase or contribution is necessary in order to participate in the drawing is misleading or deceptive and thus violates the provisions of s. 849.0935(4)(f), F.S.[6]
Question Three
As previously noted, s. 849.0935, F.S., constitutes a limited exception from the general prohibition against gambling in this state by authorizing charitable or nonprofit organizations to conduct drawings of chance subject to the conditions and limitations prescribed therein. A "[d]rawing by chance" or "drawing" is defined as an enterprise in which, from the entries submitted by the public to the operator of the drawing, one or more entries are selected by chance to win a prize."[7] (e.s.)
In addition, s. 849.0935(3)(d), F.S., requires all brochures, notices, advertisements, tickets, or entry blanks used in connection with a drawing conspicuously disclose the "date, hour, and place where the winner will be chosen."[8] (e.s.) Section849.0935(4)(e), F.S., makes it unlawful for any operator "[t]o fail to award all prizes offered in the manner and at the time stated."
I find nothing in s. 849.0935, F.S., that grants an operator of a drawing of chance the right or authority to cancel the drawing. Rather, the above statutory provisions, in offering a limited exception to the gambling statutes, appear to contemplate that a prize will be awarded. Accordingly, in the absence of legislative or judicial clarification, I am of the opinion that s. 849.0935, F.S., does not grant an operator the authority to refuse to award the prize, regardless of the reason.
Question Four
As discussed in the response to the previous question, s.849.0935(3)(d), F.S., requires that all advertisements, brochures, notices, tickets, or entry blanks used in connection with a drawing by chance conspicuously disclose the date, hour, and place where the winner will be chosen unless the advertisements, brochures, notices, tickets, or entry blanks are not offered to the public more than three days prior to the drawing. It is unlawful for the operator to fail to award all prizes offered in the manner and at the time stated.
The above provisions envision that the drawing will be held at a date certain and the prizes awarded at that time. They do not appear to contemplate the cancelling of the drawing at the discretion of the operator. Nor can I conclude that the mere placement of a provision in the notices, advertisements, entries or tickets that the operator reserves the right to cancel comports with the statutes expression that the drawing will be held at a date certain. A rule that provides that the operator reserves the right to cancel does not provide the public with sufficient information regarding the conditions under which the drawing may be cancelled. Such ambiguity, in my opinion, is misleading and deceptive. Accordingly, I am of the view that the operator of a drawing by chance may not reserve the discretion to cancel the drawing.
Question Five
Section 849.0935(3)(c), F.S., does not expressly state that the prizes, or the funds to purchase the prizes, must be independent of the drawing of chance or that expenses may not be paid out of the proceeds from the drawing. It does, however, state that all brochures, advertisements, notices, tickets, or entry blanks used in connection with a drawing by chance shall conspicuously disclose "[t]he source of the funds used to award cash prizes or to purchase prizes."
As discussed in Questions Three and Four, this office is of the opinion that s. 849.0935, F.S., does not authorize drawings where a prize is not awarded. An operator, therefore, cannot truthfully advertise a drawing where it does not have the prize in hand but rather relies on contributions to make up the prize since there is no guarantee that such contributions will be received. Accordingly, I am of the opinion that a drawing of chance in which the operator does not have the prize at the time the tickets or entries are offered, but instead relies on contributions from tickets or entries to obtain the prize, would violate s. 849.0935, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tcrmnl
[1] See, s. 496.404(18), F.S., defining "Professional solicitor."
[2] See, e.g., s. 496.411, F.S., which sets forth the disclosure requirements and duties of charitable organizations; and s.496.415, F.S., setting forth prohibited acts. Questions involving the interpretation of Ch. 496, F.S., however, should be addressed to the Division of Consumer Services of the Department of Agriculture and Consumer Services. See, s. 496.419, F.S., setting forth the powers and duties of the division.
[3] Collins v. Federated Mutual Implement and Hardware Insurance Company, 247 So.2d 461 (4 D.C.A. Fla., 1971), cert. denied,249 So.2d 689 (Fla. 1971); Nazworth v. Swire Florida, Inc.486 So.2d 637 (1 D.C.A. Fla., 1986) (it is the right of control, not the actual control that a principal chooses to exercise, which determines the relationship between the parties). See also, Farmers Merchants Bank v. Vocelle, 106 So.2d 92, 95 (1 D.C.A. Fla., 1958), stating:
If the person serving is merely subject to the control or direction of the owner as to the result to be obtained, he is an independent contractor; if he is subject to the control or [sic] the person being served as to the means to be employed, he is not an independent contractor. . . . It is the right of control, not actual control or actual interference with the work, which is significant in distinguishing between an independent contractor and a servant.
[4] See, e.g., s. 496.410(7)(b), F.S., stating that each agreement between a professional solicitor and a charitable organization must be in writing and contain a statement of the respective obligations of the professional solicitor and the charitable organization; and s. 496.410(9), F.S., stating that each contribution collected or in the custody of the professional solicitor must be solely in the name of the charitable organization and must be deposited within two days after receipt in an account at a bank or other federally insured financial institution in the name of the charitable organization that has sole control of all withdrawals from the account.
[5] Section 849.0935(3)(a), F.S.
[6] See, s. 849.0935(5), F.S., which provides:
Any operator who engages in any act or practice in violation of this section is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. However, any operator or other person who sells or offers for sale in this state a ticket or entry blank for a raffle or other drawing by chance, without complying with the requirements of paragraph (3)(d), is guilty of a misdemeanor of the second degree, punishable by fine only as provided in s. 775.083.
[7] Section 849.0935(1)(a), F.S.
[8] The statute recognizes an exception to this requirement when the brochures, advertisements, and tickets are not offered to the public more than three days prior to the drawing.