PER CURIAM.
The plaintiff, Veronica Higgs, appeals from adverse final summary judgments in favor of Don Bailey Carpets, Inc. [DBC] and William D. Bailey [Bailey]. We affirm.
The underlying action stems from an accident that occurred in the alleyway behind the strip mall where DBC is located. In the early morning hours, a minor who was walking in the alleyway was struck and killed by the driver of a delivery van who had swerved to avoid a pothole and was unable to slow due to brake failure. As a result, Veronica Higgs, the decedent’s mother, brought suit, as personal representative/administrator of the estate, against several defendants, including DBC and Bailey. Higgs alleged that DBC, as tenant, and William D. Bailey, as owner of the building where DBC is housed, had negligently failed to maintain the alleyway. Further, Higgs also alleged that DBC was vicariously liable for the negligence of the driver who was employed by DBC as a carpet installer. Thereafter, the trial court granted final summary judgments in favor of DBC and Bailey on these counts.
First, a review of the record shows that DBC and Bailey were entitled to summary judgments, as a matter of law, on the counts for negligent maintenance of the alleyway. The record clearly shows that Metropolitan Dade County is the record titleholder of the alleyway, and the record is devoid of any evidence tending to show that Metropolitan Dade County transferred its duty to maintain the alleyway to either DBC or to Bailey. Therefore, we affirm the entry of final summary judgments in favor of DBC and Bailey on the counts for negligent maintenance of the alleyway.
Next, a further review of the record shows that DBC was entitled to summary judgment, as a matter of law, on the count for vicarious liability for the negligence of the driver. The record clearly establishes that the driver in question, a carpet installer, was an independent contractor, not an employee of DBC. Cantor v. Cochran, 184 So.2d 173 (Fla.1966); Wiseman v. Miami Rug Co., 524 So.2d 726 (Fla. 4th DCA 1988); Kane Furniture Corp. v. Miranda, 506 So.2d 1061 (Fla. 2d DCA), review denied, 515 So.2d 230 (Fla.1987). The evidence in the record shows that DBC did not exercise the degree of control necessary over the manner, method, and details of the carpet installer’s work to indicate an employer/employee relationship. Eighty Four Lumber v. Bethel, 544 So.2d 1094, 1096 (Fla. 1st DCA 1989); Kane Furniture, 506 So.2d at 1064. Therefore, we affirm the entry of final summary judgment *640 in favor of DBC on the count for vicarious liability for the negligence of the driver.
Affirmed.